**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., ) | No. CV 11-2216-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Barrio Fiesta of Manila Restaurant LLC,) | |
| an unknown business entity d/b/a "Barrio) | |
| Fiesta Restaurant," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Plaintiff's motion for default judgment (Doc. 20). The Court now rules on the motion.

**I.   BACKGROUND**

As stated in the Complaint, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to "'*Firepower:' Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program*," telecast nationwide on Saturday, November 14, 2009 (hereinafter the "Program"). Doc. 1 at ¶ 10. These rights included all under-card bouts and fight commentary, in addition to the main event, encompassed in the television broadcast of the Program. *Id.* Pursuant to contract, Plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program. *Id.* at ¶ 11. Plaintiff alleges that Defendant Barrio Fiesta of Manila Restaurant LLC ("Barrio Fiesta") unlawfully intercepted and exhibited the

Program at its establishment in Chandler, Arizona.[1]  *Id.* at ¶ 13.

According to an affidavit submitted by Plaintiff, Barrio Fiesta is a restaurant with an estimated capacity of 150 to 175 people.  Doc. 20-3 at 2.  On the night the Program aired, a representative of Plaintiff visited Barrio Fiesta for approximately five minutes.  *Id.* at 1-2.  He noted that no cover was charged for entry.  *Id.* at 1.  He observed that the Program was displayed on two television screens within the establishment.  *Id.*  He also took three separate head counts during his visit, counting 110, 112, and 115 patrons.  *Id.* at 2.

Plaintiff filed the Complaint in this Court on November 10, 2011, alleging violations of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992 ("Cable Act of 1992"), 47 U.S.C. § 553 *et seq.*, as well as conversion under Arizona law.  *Id.* at ¶¶ 15, 20 & 24.  Barrio Fiesta has not answered the Complaint.  Default as to Barrio Fiesta was entered by the Clerk on March 30, 2012.  Doc. 18.  Plaintiff then filed the pending motion for default judgment on June 14, 2012.  Barrio Fiesta has not moved to set aside the entry of default or otherwise appeared.

## II.   ANALYSIS

Once the Clerk of Court has entered default, the Court has discretion to grant default judgment pursuant to Rule 55(b).  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  When the Court considers the entry of default judgment, the well-pleaded "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### A.   Violation of § 605

"[T]o be held liable for a violation of [47 U.S.C. § 605], a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided

---

[1] Plaintiff voluntarily dismissed Defendants Nelson L. Reyes and Manilon Reyes a/k/a Marilou A. Reyes, individually and d/b/a/ "Barrio Fiesta Restaurant," without prejudice on March 23, 2012.  Doc. 16.

the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals.[2] *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). The statute states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute further provides that for any violation that "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii).

By defaulting, Barrio Fiesta has admitted that it unlawfully intercepted and published the Program to its patrons in violation of 47 U.S.C. § 605, and that it further did so "willfully and for purposes of direct or indirect commercial advantage or private gain." Doc. 1 at ¶ 13. Thus, Plaintiff requests that the Court award statutory damages, including an increase for a willful violation, in the maximum available amount of $110,000. Indeed, the facts indicate that Barrio Fiesta showed the Program on two screens in its establishment, which is open to the public and located in an urban area. Though the restaurant was not filled to capacity, three separate head counts revealed that approximately 110 to 115 people were present at the time the Program was displayed. Furthermore, Barrio Fiesta willfully and unlawfully intercepted the Progam and displayed it to its patrons for commercial gain. The Court agrees that, based on these facts, Plaintiff is entitled to the maximum award of $10,000 available under § 605(e)(3)(C)(i)(II).

With regard to enhanced damages, however, the Court does not agree that the maximum enhancement is appropriate in this case. Barrio Fiesta did not charge a cover for

---

[2] In the Complaint, Plaintiffs also sought relief under 47 U.S.C. § 553, which applies to cable signal transmissions. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999). However, Plaintiff cannot determine the means of signal transmission that Defendant used to unlawfully obtain the Program, and therefore only seeks damages under § 605.

entry, the restaurant was not filled to capacity, and there is no evidence that Barrio Fiesta has repeatedly violated this statute, that it advertised the Program to draw larger crowds, that it charged a premium for food and drinks, or that its earnings were significantly larger than usual during the time that the Program was displayed. *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008) (discussing these factors as reducing the size of an enhanced damages award).

However, Plaintiffs correctly note that enhanced damages are desirable in many cases because of their tendency to deter future violations. Thus, based on the facts of this case, the Court finds that an enhanced damages award of $15,000 is appropriate. The combined award of $25,000 will serve to compensate Plaintiff and also deter future violations.

### B. Conversion

Plaintiff also requests an award of $4,200 for conversion. In Arizona, "the measure of conversion damages includes not only the value of the property taken, but also other damage suffered because of the wrongful detention or deprivation of the property." *Collins v. First Fin. Servs., Inc.*, 815 P.2d 411, 413 (Ariz. Ct. App. 1991). However, if actual damages are not proven, only an award of nominal damages can be made. *SWC Baseline & Crimson Investors, LLC v. Augusta Ranch LP*, 265 P.3d 1070, 1092 (Ariz. Ct. App. 2011). Here, Plaintiff has not provided any factual support for the requested award. Therefore, the Court will award nominal damages in the amount of $1 for the conversion claim.

### C. Costs and Attorney Fees

Plaintiff also asks for an award of costs and attorneys' fees, though Plaintiff has not provided the Court any basis on which to make such awards. Therefore, the Plaintiff may separately file a bill of costs in accordance with LRCiv 54.1 and a motion for attorneys' fees in accordance with LRCiv 54.2. The Court will rule on a motion for attorneys' fees if and when one is filed.

///
///
///

**III.   CONCLUSION**

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion for default judgment (Doc. 20). Judgment is entered for Plaintiff J & J Sports Productions, Inc. and against Defendant Barrio Fiesta of Manila Restaurant, LLC, an unknown business entity d/b/a "Barrio Fiesta Restaurant," in the amount of $25,001.  The Clerk shall enter judgment.

DATED this 17th day of July, 2012.

_____
James A. Teilborg
United States District Judge